IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **DRAWVORSKI LEE MCGRUDER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number |
| vs. | ) **7:03-cv-1448-UWC** |
| | ) |
| **ADVANCE AUTO STORES COMPANY,** | ) |
| **INC., d/b/a ADVANCE AUTO PARTS**, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION
ON MOTION FOR SUMMARY JUDGMENT**

Plaintiff  Drawvorski Lee McGruder, a black male, filed this lawsuit in June 2003, alleging claims of wrongful discharge, hostile environment and a pay claim, in violation of 42 U.S.C. § 2000e *et seq.* (Title VII).

Defendant Advance Auto Stores Company's ("Advance Auto") has moved for Motion for summary judgment.  (Doc. 40.)  Based on the undisputed facts viewed in a light most favorable to the Plaintiff, the Court concludes  that Advance Auto's Motion for Summary Judgment is due to be granted  on Plaintiff's hostile environment and pay claims, and denied on Plaintiff's wrongful discharge claim.[1]

---

[1] Plaintiff did not check the "retaliation" box on its EEOC Charge of Discrimination and the Complaint does not allege a retaliation claim.  Further, Plaintiff's Complaint did not allege discrimination in the terms and conditions of employment. Nevertheless, Defendant's Motion for Summary Judgment addressed these claims because of Plaintiff's testimony.  (Doc. 40, Def.'s Br. at 16, 18.)   Plaintiff's Reply Brief did not address the retaliation claim and claim for discrimination in the terms and

## I. THE UNDISPUTED FACTS

In 1998, Plaintiff McGruder  was the Assistant Manager of Parts America on McFarland Boulevard in Tuscaloosa, Alabama, when it was purchased by Advance Auto. (Def. Ex. 3, McGruder Dep. at pp. 129-30.)   After the acquisition, McGruder became the Assistant Manager-in-Training ("AMIT") at Advance Auto at the McFarland Boulevard store.  (*Id.*)  That same year, McGruder was promoted to Assistant Manager.  (*Id.* at 131.) In 1999, then Division Manager Neil Kelly ("Kelly") promoted McGruder to Manager of the McFarland Boulevard Store.   McGruder remained in that position for three years until he was terminated in June 2001.  (*Id.* at 141.)

During those three years that McGruder served as Manager, his performance was satisfactory,  with a few exceptions.  In 1999, Kelly noted on McGruder's performance evaluation that McGruder did not meet expectations in four out of fifteen areas.  (Def.'s Ex. 4, Tab 4.)  In August 2000, an Employee Action Report concerning McGruder was filed by the Division Manager, based on McGruder's failure to hold a battery meeting with employees as he was instructed to by the Division Manager.  (Def.'s Ex. 4, Tab 5.)  In October 2000, an Employee Action Report concerning McGruder was filed because of the store's appearance.  McGruder's 2000 Performance Evaluation indicated that he met expectations in ten of the fifteen areas. (Def.'s Ex. 4, Tab 7.)

---

conditions of employment.  To the extent that these claims were viable, they have been abandoned by the Plaintiff.  *Lindsey v. Burlington N. Santa Fe Railway Co.*, 266 F. Supp. 2d 1338, 1343 (N.D. Ala. 2003)(holding sexual harassment claim asserted in complaint abandoned because plaintiff did not brief the issue in opposition to motion for summary judgment), *aff'd*, 2004 U.S. App. Lexis 13142 (11th Cir. 2004).

In April 2001, Advance Auto acquired Carport Auto Stores.  Also in April, Advance Auto hired Roger Crain ("Crain"), a white male, as Division Manager.  (Def. Ex. 7, Crain Dep. at 9.)  Crain was responsible for overseeing merger of stores and the staff within the regional division for which the McFarland Boulevard store was located.  (Def. Ex. 10, Womack Decl. ¶ 1.)

In May 2001, Crain hired Richard Fordham ("Fordham"), a white male, as AMIT at the McFarland store.  Fordham had over twelve years of experience working at Carport and served as Assistant Manager for four of those years.  As AMIT, Fordham was a non-exempt employee paid at an hourly rate of $15.63.  McGruder, Store Manager, was an exempt employee paid at a rate of $15.75.  (Def.'s Ex. 8, Crain Aff. ¶ 5.)

On May 23, 2001, McGruder's McFarland store was audited.  (Def. Ex. 4, Tab 8.)  The overall audit score was 62, which equates to "Unsatisfactory (High Risk of Shrinkage)."  Crain issued an "Employee Action Report/ Final Corrective Interview" regarding McGruder's performance.  (Def.'s Ex.4, Tab 9.)  The report outlined violations in the following four areas: 1) uniforms, 2) store appearance, 3) inventory management and 4) customer complaints.  Crain also advised McGruder that if the listed violations continued, consequences would follow, including termination.

At some point prior to his termination, McGruder also committed some violations of company policy.  First, Crain admonished McGruder about wearing a red logo shirt, which was for employees, instead of a white logo shirt, which was for Managers.  (Def. Ex. 3, McGruder Dep. at 82.)  McGruder responded that his logo shirts were burned when his truck

3

caught on fire, but that he would wear white shirts after he received them in the next shipment. (*Id.*) Second, some customers complained regarding McGruder's phone manners, and companies complained regarding business referrals. (Def. Ex. 3, McGruder Dep. at 55, 182.) However, McGruder did not receive written warnings related to these problems.

On June 29, 2001, Crain completed an Employee Action Report on McGruder. (Def. Ex. 4, Tab 10.) The report indicated that the store appearance and McGruder's performance had not improved. Crain terminated McGruder on June 29, 2001. McGruder's termination form indicated that he was not eligible for rehire. (Pl.'s Submission Under Seal at Ex. 5.) McGruder was replaced by Fordham. However, Fordham was fired three weeks later for failing to report to work. Fordham's termination form indicated that he could be rehired. (Pl.'s Submission Under Seal at Ex. 3.)

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c).

The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

4

When ruling on a motion for summary judgment, the court must view the facts in a light most favorable to the non-moving party. *See, e.g., Raney v. Vinson Guard Serv.*, 120 F.3d 1192, 1196 (11th Cir. 1997). "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant' . . . and draw 'all justifiable inferences . . . in his favor . . . .*" United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). Evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

## III. DISCUSSION

### A.    McGruder's Wrongful Termination Claim

To establish a *prima facie* case of discriminatory discharge, the Plaintiff must show that:  1) he belongs to a racial minority; 2) he was subjected to an adverse employment action; 3) similarly situated employees of other races were treated more favorably; and 4) he was qualified to perform the job. *Knight v. Baptist Hospital of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003).

Defendant first argued that Plaintiff cannot demonstrate a *prima facie* case of wrongful termination because McGruder was not qualified for the job. (Doc. 40, Def.'s Br. at 13.) Defendant did not cite any evidence to support that position. Next, Defendant argued that McGruder did not present evidence that similarly situated employees of other races were

treated more favorably. (*Id.* at 14.)

Plaintiff responded that McGruder was qualified for the job, as evidenced by the drop in sales after McGruder's termination. (Doc. 44, Pl.'s Brief at 10.) Plaintiff also responds that McGruder was treated less favorably than Fordham because Fordham had the opportunity of rehire when he was terminated and Fordham was hired as an AMIT at almost the same rate of pay as McGruder's manager salary. (Pl.'s Submission Under Seal at Ex. 3.) Plaintiff also contends that McGruder was treated differently than Sara Keeton ("Keeton"), a white women manager at Advance Auto. Keeton had five written reprimands, including tardiness issues, mishandling deposits, revealing confidential information and loss prevention problems, over a period of several months before she was fired on October 10, 2000. (Pl.'s Submission Under Seal at Ex. 4.)

Summary judgment is inappropriate on the termination claim because of genuinely disputed factual issues regarding Advance Auto's treatment of McGruder as compared to similarly situated employees of other races. McGruder and Fordham's terminations were handled differently. Fordham had the opportunity for rehire, while McGruder did not. Disparities also exist between Advance Auto's handling of McGruder and Keeton's written reprimands and terminations. Therefore, summary judgment will be denied on the McGruder's wrongful termination claim.

**B.    McGruder's Hostile Work Environment Claim**

To establish a *prima facie* case of hostile work environment, Plaintiff must show that:

1) he belongs to a protected class; 2) he was subjected to unwelcome harassment; 3) the harassment was based on race; 4) the harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and 5) a basis for holding the employer liable. *See Henson v. City of Dundee,* 682 F.2d 897 (11th Cir. 1982); *EEOC v. Beverage Canners,* 897 F.2d 1067 (11th Cir. 1990). Harassment is severe and pervasive when it creates an environment that a reasonable person finds hostile and abusive, and the plaintiff must subjectively perceive it as so. *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269 (11th Cir. 2002). In evaluating the severity of the harassment, the Eleventh Circuit considers the following: (1) the frequency of the conduct, (2) the severity of the conduct, (3) whether the conduct is physically threatening or humiliating, (4) and whether the conduct unreasonably interferes with the employee's job performance. *Miller*, 277 F.3d at 1276. Discourteous, off-handed comments are insufficient to state an actionable hostile work environment claim particularly where a plaintiff refers only generally to racial references that supervisors and co-workers make. *See Edwards v. Wallace Cmty Coll*. 49 F.3d 1517, 1523 (11th Cir. 1995).

Defendant argues in its Motion for Summary Judgment that Plaintiff cannot prove a *prima facie* case of harassment. First, Defendant contends that Plaintiff produced no evidence that he was subjected to harassment based on his race. Secondly, Defendant asserts that the conduct Plaintiff complained of was not so severe and pervasive as to interfere with Plaintiff's ability to perform his job. Specifically, Defendant stated that none of the conduct McGruder complains of was frequent, physically threatening, or humiliating.

Plaintiff responds by alleging that McGruder's work environment was hostile for several reasons.  First, McGruder complained that Crain asked three African American management employees at the McFarland store if they wanted to transfer to the West End store, which is located in a predominantly black area of town.  (Williams Decl. ¶ 3.) McGruder felt that asking his employees to transfer would have left him with fewer experienced employees to run the McFarland store. (McGruder Dep. at 20.)  Additionally, McGruder asserts that Crain created a hostile environment by confronting McGruder about uniform violations, (McGruder Dep. at 182-84), embarrassing him in front of co-workers about customer complaints, (McGruder Dep. at 59-65), and ordering inventory audits when none was necessary or warranted (McGruder Dep. at 78-79).

Assuming Plaintiff's allegations are true, Plaintiff's arguments regarding his hostile environment claim do not meet the standard for severe and pervasive because they are not frequent, humiliating,  or physically threatening.  While the exchanges between McGruder and Crain may not have been pleasant, they are not sufficient to sustain a hostile work environment claim.  *See Edwards*, 49 F.3d 1523.  Therefore, Defendant's Motion for Summary Judgment on Plaintiff's hostile environment claim is due to be granted.

## C.    McGruder's Pay Claim

Plaintiff's complaint alleges a claim of racially disparate pay.  Defendant argues that it is due summary judgment on this  claim.  Plaintiff did not address its pay claim in its Brief in Opposition to Defendant's Motion for Summary Judgment.

By failing to address the claim, Plaintiff has  abandoned it.  *Lindsey v. Burlington N.*

*Fe Railway Co.*, 266 F. Supp. 2d 1338, 1343 (N.D. Ala. 2003)(holding sexual harassment claim asserted in complaint abandoned because plaintiff did not brief the issue in opposition to motion for summary judgment), *aff'd*, 2004 U.S. App. Lexis 13142 (11th Cir. 2004).

Defendant's Motion For Summary Judgment on McGruder's pay claim is due to be granted.


## CONCLUSION

By separate order, Defendant's Motion For Summary Judgment will be granted on Plaintiff's pay and hostile environment claims, and denied on Plaintiff's wrongful termination claim.


Done this 1st day of May, 2005.


U.W. Clemon
Chief United States District Judge